N. R. S. Realty Corporation, Respondent, v. Bernard S. Forman,
    Inc., and Another, Appellants.   (Action No. 1.)

Second Department, May 19, 1927.

Vendor and purchaser — action by purchaser for specific performance of
    land contract — contract required initial payment to be made on
    September 5, 1925 — plaintiff alleged full performance — postdated
    check is not compliance with contract in absence of allegations and proof
    of waiver — error to refuse to find that bank refused to certify check —
    rescission of contract by defendant and subsequent sale to third person
    not result of conspiracy — burden was not on vendor to establish bona
    fides of said sale.

This is an action by the purchaser to compel the specific performance of a land
    contract.   Through an amendment at the trial, the purchaser alleged full
    performance on its part.   The contract stipulated that the down payment
    should be made on September 5, 1925.   The delivery of a postdated check on
    September fifth was not a compliance with the terms of the contract, and in
    the absence of any allegations and proof of waiver the plaintiff failed to make
    out full performance.

It was error for the court to refuse to find that the bank, on which the check was
    drawn, refused to certify the same, basing its refusal on the fact that the plaintiff
    did not have sufficient funds.   The rescission of the contract by the defendant
    corporation and the subsequent sale of the property to the individual defendant
    was not the result of a conspiracy, and it was error for the court to set aside a
    deed given to the individual defendant.

The defendant vendor was not bound to call the individual defendant to prove
    bona fides, for that would be shifting the burden of proof which was upon the
    plaintiff.

Separate appeals by the defendants, Bernard S. Forman, Inc.,
and another, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of Queens
on the 7th day of December, 1926, upon the decision of the court
rendered after a trial at the Queens Special Term.

The judgment directs the specific performance by the defendant
Bernard S. Forman, Inc., vendor, of a contract for the sale of real
property and declares void a deed of said property executed by
said vendor to its codefendant, George J. Rheuban.

*Jacob Leiman*, for the appellant Bernard S. Forman, Inc.

*Anthony J. Ardondizza*, for the appellant Rheuban.

*Henry Greenberg*, for the respondent.

Per Curiam.   The findings of fact made by the learned trial
justice are contrary to the allegations in the complaint, even allowing
for the amendments granted at the trial.   The plaintiff vendee

Second Department, May, 1927.                    [Vol. 220

having failed to allege performance of the conditions of the contract on its part, and defendant vendor moving to dismiss, the plaintiff asked to amend to supply the obvious defect and the trial justice allowed the amendment.   The plaintiff then alleged full performance of its covenant contained in the contract attached to the complaint, executed under seal.   The sealed contract called for a payment of $650 on the signing of the contract.   No such payment was made — a check was delivered postdated a week later.   There is no allegation or proof of a waiver of the conditions of the contract under seal.   The trial justice finds as matter of fact that the contract provided for payment of this $650 " by check dated September 12th, 1926 " (*sic*).   This must be an error, the transactions occurring in 1925.   But, assuming that it is an error, the finding is contrary to the contract which calls for payment of the money on September fifth, the date of the contract, not September twelfth, and there is an express covenant that time is of the essence of the contract. There is no allegation of waiver or change in the contract, despite the flood of amendments to the complaint allowed at the trial.   The allegation is that plaintiff performed the contract.   The payment of the money on the day named in the contract was vital under the evidence, because the money was to be used immediately by the defendant vendor in another transaction and this fact was known to the plaintiff.   But, the check having been left with the defendant on Saturday, September fifth (Monday, the seventh, being Labor Day), the defendant's president, called as a witness by plaintiff, testified that he took the check to plaintiff's bank on the morning of September eighth, the next business day, and he testifies that certification was refused because of " insufficient funds," and the check is produced by defendant with a tag or slip used by the bank pinned to the check, bearing the statement " Not Sufficient Funds."   Defendant's president is corroborated by a woman employee who accompanied him to the bank.   The plaintiff produced the paying teller, whose evidence at the most amounts to a statement that he has no recollection of the transaction.   But no explanation is given as to how these bank tags came to be attached to the checks, nor did the plaintiff offer any evidence as to the state of its account in the bank.   The learned trial justice refused to find that this transaction occurred at the bank.   We think the refusal to so find was error.   The defendant asserting that it at once rescinded the contract, and, because of the necessity for obtaining funds for the new transaction referred to, at once made a new deal and conveyed the premises to defendant Rheuban, receiving a note and purchase-money mortgage which it had arranged to discount or sell, the trial justice finds as matter of

fact that this subsequent transaction was the result of a conspiracy and sets the deed aside. But there is no evidence in the record justifying this finding. The respondent argues that the defendant vendor should have called the codefendant, the new purchaser, to prove *bona fides*. But this would be shifting the burden of proof which was upon the plaintiff. Despite the liberal amendments allowed to the plaintiff at the trial, the respondent concedes in its points that the findings of fact as made are insufficient to support the judgment because of omission of findings relative to the acceptance of the postdated check, and counsel asks this court to make additional findings. But the complaint, as amended, contains no allegation of waiver or change in the covenants contained in the sealed instrument upon which the action is founded. Plaintiff, under the amendment allowed, alleged full performance.

Under the circumstances, in the condition of the record, we think the defendant's motion for a dismissal of the complaint at the end of the case upon the ground that plaintiff had failed to make out a cause of action, should have been granted.

The judgment should be reversed upon the law and the facts, with costs, and judgment directed for defendant dismissing the complaint, with costs, and without prejudice.

Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs, and without prejudice. Settle order upon notice.